UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| In re: | Case No. 18-00071-GS |
|---|---|
| JESSICA GIROUX, | Chapter 13 |
| Debtor. | |

**AMENDED MEMORANDUM DECISION RE: OBJECTION TO PROOF OF CLAIM 4-1**

The debtor, Jessica Giroux, objected to proof of claim 4-1 (Claim), alleging that the person who filed the Claim, Philip Johnston, does not own the Claim and thus has no standing to assert it. For the reasons set forth below, the court will sustain Jessica's objection in part.

**A.    BACKGROUND**

Brad Giroux (Jessica's husband) and Philip Johnston were partners in Alaska Fishing Adventures, LLC (AFA), operating a fishing lodge on the Nushagak River in Alaska.[1] Their business relationship soured as Johnston came to believe Brad was mismanaging the business.[2] Philip and his wife, Rebekah (who also worked for AFA), sued Brad and Jessica for various business-related infractions.[3] Though AFA was not a party to the state court action, the court awarded financial control over AFA to Philip.[4] On October 27, 2016, AFA filed its chapter 7 bankruptcy case.[5]

---

[1] ECF No. 43-1 at p. 7.

[2] *Id.* at pp. 8-11.

[3] *Id.* at p. 5.

[4] *Id.* at p. 6.

[5] *See* 16-00327-GS, ECF No. 1.

The Johnstons ultimately obtained a state court judgment against the Girouxes.[6] The court entered judgment against Brad Giroux for the principal amount of the judgment, pre- and post-judgment interest and punitive damages.[7] Jessica was held jointly and severally liable with Brad for the attorney's fees and costs awarded in the judgment.[8]

On March 7, 2018, Jessica commenced this chapter 13 bankruptcy case. She listed AFA as a non-priority unsecured creditor holding an unknown claim amount.[9] The nature of the claim was described as "[l]iability of the Debtor, if any, for amounts that the Debtor's husband was found to have taken from [AFA]."[10] On May 1, 2018, Philip Johnston filed the Claim in the unsecured amount of $278,049.00, listing the claimant as "Alaska Fishing Adventures, LLC and Philip Johnston."[11] The basis of the claim was listed as "Liability for misappropriated funds from [AFA] and Philip Johnston (40% owner)."[12] Attached to the Claim was a state court order on the Johnstons' motion for reconsideration, noting that AFA's losses totaled $278,049.00.[13]

On July 26, 2018, Jessica filed her objection to the Claim (Objection).[14] Jessica contends that Philip is not an authorized agent of AFA with standing to file the Claim on its behalf. Instead,

---

[6] *See* ECF Nos. 42-1 and 43-1.

[7] ECF No. 42-1 at p. 6.

[8] *Id.*

[9] ECF No. 12-4 at p. 3, item 4.1.

[10] *Id.*

[11] ECF No. 43-1 at p. 1-2.

[12] *Id.* at p. 2.

[13] *Id.* at p. 4.

[14] ECF No. 43.

Jessica states that the proper party in interest to file the Claim is Kenneth Battley, the chapter 7 trustee appointed in AFA's chapter 7 bankruptcy case. Jessica argues that because the Claim arose pre-petition, it is property of AFA's bankruptcy estate and thus the chapter 7 trustee is the party with standing to file the Claim on AFA's behalf.

Philip filed his response to the Objection on August 27, 2018.[15] His response asserts just two defenses: (1) Jessica cannot object to the Claim prior to confirming a chapter 13 plan; and (2) the Claim will either be purchased by Johnston in AFA's chapter 7 case and amended accordingly, or "purchased by the Debtor's father-in-law, and may no longer be a factor in this Chapter 13 case."[16]

The court held its initial hearing on the Objection on August 29, 2018. At that hearing, the parties agreed to enter into settlement discussions before the Hon. Trish Brown.[17] The court continued the hearing on the Objection to October 15, 2018, to give the parties time to negotiate a consensual resolution of their disputes.[18] The negotiations were unsuccessful, and the parties discussed the Objection at the October 15, 2018 hearing. The hearing on the Objection was continued to December 12, 2018, pending the court's resolution of a motion filed by the chapter 7 trustee in the AFA case to sell all of the estate's remaining assets, including the Claim.[19] On December 11, 2018, this court entered its order in AFA's bankruptcy case approving the sale of the estate's remaining assets, including the Claim, to Robert Giroux, Jessica's father-in-law.[20] At the

---

[15] ECF No. 50.

[16] *Id.* at p. 1.

[17] ECF No. 52.

[18] ECF No. 54.

[19] ECF No. 56.

[20] *See* 16-00327-GS, ECF Nos. 148-149.

3

continued hearing on December 12, 2018, the court noted its recent decision on the sale of the claim to Robert, and continued the hearing on the Objection to January 29, 2019.

For the reasons set forth below, the court will grant Jessica's motion in part, and will set a deadline for Robert Giroux to advise this court of his intentions with regard to the Claim.

**B.  ANALYSIS**

Section 502(a) provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest...objects." A party in interest may rebut the resulting presumption of allowance by presenting evidence "with probative value equal to that of the proof of claim to rebut the claim. If the objecting party successfully rebuts the presumption, the claimant bears the burden of proof to show by a preponderance of the evidence that its claim is valid, and the 'ultimate burden of persuasion remains at all times upon the claimant.'"[21] Contrary to Philip's argument that Jessica may not raise her objection until after her chapter 13 plan is confirmed, "[Federal] Rule [of Bankruptcy Procedure] 3007 does not provide a time limit for objections to proofs of claim[], and such an objection may be filed at any time."[22]

Jessica objects to the Claim because Philip was divested of standing to file the claim upon the filing of AFA's bankruptcy. Philip's response did not address the merits of Jessica's argument, and normally would not suffice to defeat the argument in support of her Objection. In this instance, however, the court's order approving the sale of the Claim (and AFA's other remaining assets) to Robert has, in effect, mooted Jessica's Objection, a possibility acknowledged in Philip's response.

---

[21] *Boruff v. Cook Inlet Energy LLC (In re Cook Inlet Energy LLC)*, 583 B.R. 494, 501 (B.A.P. 9th Cir. 2018) (quoting *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000)).

[22] *Shook v. CBIC (In re Shook)*, 278 B.R. 815, 828 (B.A.P. 9th Cir. 2002).

4

Because the chapter 7 trustee has sold the Claim, neither AFA's trustee, nor Philip, are the proper parties in interest to assert the Claim.

**C.   CONCLUSION**

The right to assert any claim on behalf of AFA now belongs to Robert Giroux. To avoid any confusion, the court will give Robert the opportunity to file a statement adopting the claim as filed. If Robert files such a written statement with the court adopting or supplementing the claim by December 28, 2018, the court will deny the Objection. If Robert either fails to file a statement adopting Proof of Claim No. 5-1, or requests that the claim be withdrawn, the court shall sustain the Objection.

DATED: December 17, 2018.

BY THE COURT
 /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  Debtor
Robert Crowther, Esq.
Nacole Jipping, Trustee
Philip Johnston, 4145 Kingston Drive, Anchorage, AK 99504
Robert Giroux, c/o Roy Longacre, Esq., P.O. Box 191025, Anchorage, AK 99519
U.S. Trustee
ECF Participants via NEF
Case Manager